**E. R. GIBSON, Appellant,**

v.

**W. W. ROBINSON et al., Appellees.**

No. 6649.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 18, 1957.

Rehearing Denied March 18, 1957.

Grady West and Hugh Anderson, Lubbock, for appellant.

Sam Brown; Howard & Tucker; Treadaway & Blumrosen, Lubbock, for appellees.

NORTHCUTT, Justice.

Appellant, E. R. Gibson, brought this suit, as plaintiff, against W. W. Robinson, general partner in Robinson's Greenhouse, Ltd., and individually, Ruth Robinson, John D. Smith, Jr., and Cecil C. Shelby, as defendants, seeking to recover certain property and to cancel a promissory note held by John D. Smith, Jr. Ruth Robinson was made party to this suit because of her interest as the wife of W. W. Robinson and will not be considered further herein. Cecil C. Shelby was made a party to the suit because of his purchase from W. W. Robinson of certain real estate formerly owned by E. R. Gibson. When Shelby purchased the property from Robinson, Shelby's attorney upon examination of the abstract of title required a correction deed from E. R. Gibson to W. W. Robinson. E. R. Gibson executed the deed and there is nothing in the record to show that appellant was entitled to any relief or recovery as against appellee, Cecil C. Shelby, and he will not be considered further herein only to affirm the judgment of the trial court as to Cecil C. Shelby.

It was the contention of appellant that he and W. W. Robinson entered into a limited partnership agreement for the purpose of producing, buying and retail and wholesale selling of nursery and floral stock. Under this partnership agreement between Gibson and Robinson each of them were to do certain things. Gibson paid Robinson $500 and executed a note payable to the order of W. W. Robinson in the sum of $4,500 due and payable on the first day of June 1955, and containing provisions for interest and attorneys' fees. On February 14, 1955, before the note became due, Robinson and wife transferred the note to John D. Smith, Jr. The consideration paid by Smith for the note was a house and lot in Lubbock, Texas.

It is difficult to understand just the extent of the contention of appellant since he asked for different relief in different pleadings. The main contention of appellant is that because the written matter in the agreement between Robinson and Gibson states the $4,500 was to be paid out of the profits of the partnership on or before June 1, 1955 that Smith should not recover upon the note signed by Gibson. The written agreement between Robinson and Gibson does not provide for a note to be given but merely states "will pay to W. W. Robinson $4,500.00 out of the profits of this partnership on or before June 1, 1955." Appellant contends the note was void and without consideration and that this was known to Smith or that Smith could have learned about it by the use of ordinary diligence. The note was in writing and signed by E. R. Gibson and unconditionally promised to pay to the order of W. W. Robinson a certain sum, $4,500, on June 1, 1955. Robinson transferred by written assignment this note to Smith. Smith by his cross-action herein sues to recover upon the note and the trial court granted him judgment for the $4,500.00 with interest and attorney's fees as provided for in the note. There is no competent evidence in the record of any bad faith upon the part of Smith in trading for this note nor requiring him to make investigation as to the note.

The Negotiable Instruments Act, Vernon's Ann.Civ.St., provides:

"Article 5932 * * *

"Sec. 1. An instrument to be negotiable must conform to the following requirements:

"1. It must be in writing and signed by the maker or drawer;

"2. It must contain an unconditional promise or order to pay a sum certain in money;

"3. Must be payable on demand, or at a fixed or determinable future time;

"4. Must be payable to order or to bearer; and

"5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

"Art. 5933 * * *

"Sec. 24. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.

"Sec. 25. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.

"Sec. 26. Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time.

"Sec. 27. Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien.

"Sec. 28. Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

"Art. 5934 * * *

"Sec. 30. An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.

"Sec. 31. The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

"Art. 5935 * * *

"Sec. 51. The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument.

"Sec. 52. A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

"Art. 5936 * * *

"Sec. 60. The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse."

As shown by the note, appellant by the execution and delivery of the note in question unconditionally promised to pay to the order of W. W. Robinson the sum of $4,500 on June 1, 1955, and all of the above provisions of the statutes were complied with and we are of the opinion the trial court correctly disposed of this case. Judgment of the trial court is affirmed.